# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

July 20, 2026

Lyle W. Cayce
Clerk

No. 25-11272
Summary Calendar
_____

Salt and Light Energy Equipment L.L.C.,

*Plaintiff—Appellant*,

*versus*

Origin Bancorp, Incorporated, *doing business as* Origin Bank,

*Defendant—Appellee*.

_____

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:22-CV-654

_____

Before Richman, Southwick, and Willett, *Circuit Judges*.

Per Curiam:[*]

Origin Bancorp, Inc. d/b/a Origin Bank was granted summary judgment as to Salt and Light Energy Equipment, L.L.C.'s claims against it. The district court also awarded attorney's fees. Salt and Light Energy Equipment, L.L.C. challenges the award of attorney's fees. We affirm.

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 25-11272

**I**

Salt and Light Energy Equipment, L.L.C. ("SNLEE") is a Texas company in the oilfield sector. In December of 2018, Origin Bancorp, Inc. d/b/a Origin Bank ("Origin") extended a $3 million revolving line of credit to SNLEE, secured by a security interest and governed by the Revolving Credit and Security Agreement (the "Security Agreement").

On February 22, 2022, SNLEE sued Origin asserting claims of violation of Texas Business and Commercial Code §§ 1.304 and 9.607(c), later adding a claim for business disparagement. Origin removed the suit to federal district court on the basis of diversity jurisdiction. The district court granted summary judgment to Origin on SNLEE's claims. SNLEE appealed, and our court affirmed the summary judgment in favor of Origin.[1]

In the district court, Origin moved for attorney's fees per Federal Rule of Civil Procedure 54(d)(2). Origin asserted it was entitled to fees under Section 2.12 of the Security Agreement, titled "Indemnification." That provision states:

> In the event . . . (c) Borrower or any other person or entity shall assert against Bank or any of its officers, employees, directors, managers, or agents a claim or defense arising out of or relating to any of the Collateral, the Liabilities, or any of the Loan Documents, Borrower agrees to indemnify and hold Bank harmless from and against any liability, judgment, cost, attorneys' fees or other expense whatsoever arising therefrom.

---

[1] *Salt and Light Energy Equip. L.L.C. v. Origin Bancorp, Inc.*, 2026 WL 64100 (5th Cir. January 8, 2026).

No. 25-11272

The district court awarded Origin $909,334.10 in "Defensive Fees." SNLEE filed a Rule 59(e) motion to alter or amend the judgment, which the district court denied. SNLEE timely appealed.

## II

SNLEE's primary contention is that recovery of attorney's fees under Section 2.12 of the Security Agreement is barred by Texas's fair notice requirements, including the express negligence and conspicuousness rules.[2] "Matters of contract interpretation are legal issues reviewed de novo."[3]

## A

We begin with Origin's argument that the fair notice requirements do not apply in the first place because Section 2.12 is not an indemnity clause. Origin relies primarily on *Wallerstein v. Spirt*[4] to argue Section 2.12 cannot be an indemnity provision because it applies here between the parties, making it instead "a contractual fee-shifting provision." Because it is unnecessary to resolve this issue, we assume, without deciding, that Section 2.12 is an indemnity provision.

## B

Origin contends, and we agree, that even if Section 2.12 is an indemnity clause, the fair notice requirements do not apply because SNLEE

---

[2] *See Dresser Indus., Inc. v. Page Petroleum, Inc.*, 853 S.W.2d 505, 508 (Tex. 1993) ("Because indemnification of a party for its own negligence is an extraordinary shifting of risk, this Court has developed fair notice requirements which apply to these types of agreements. The fair notice requirements include the express negligence doctrine and the conspicuousness requirement." (footnote omitted)).

[3] *WorldVue Connect Global, L.L.C. v. Szuch*, 155 F.4th 472, 480 (5th Cir. 2025).

[4] 8 S.W.3d 774 (Tex. App.—Austin 1999, no pet.).

did not bring a negligence claim. The fair notice requirements apply only to agreements involving "indemnification of a party for its own negligence."[5]

SNLEE argues its "claims alleged that Origin violated its statutory duties of good faith and ordinary care under Texas Business & Commerce Code §§ 9.607(c) and 1.304 and "are negligence-based claims that triggered the express negligence rule." But SNLEE provides no authority to support that its claims are "negligence-based," and despite SNLEE's assertions, nowhere do §§ 9.607(c) and 1.304 purport to impose an obligation of *ordinary care*; rather, § 1.304 "imposes an obligation of *good faith*," a breach of which does not create a cause of action for negligence under Texas law.[6]

SNLEE argues Origin forfeited this argument by failing to raise it before the district court. We disagree. In its response to SNLEE's Rule 59(e) motion, Origin argued "no one even pled that Origin was negligent." That is tantamount to its argument before this court that SNLEE did not bring a negligence claim. We agree that SNLEE did not bring a negligence claim, so the fair notice requirements do not apply to Section 2.12.

## C

Finally, SNLEE argues in the alternative that "[i]ndependent of the common-law express negligence rule, Section 2.12 is unenforceable because it operates as a de facto disclaimer of Origin's non-waivable statutory duties under the Texas UCC." Relying primarily on *American Airlines Employee*

---

[5] *Dresser Indus., Inc. v. Page Petroleum, Inc.*, 853 S.W.2d 505, 508 (Tex. 1993).

[6] *See* Tex. Bus & Comm. Code § 1.304 (emphasis added); *see Jackson v. Associated Devs. of Lubbock*, 581 S.W.2d 208, 211 (Tex. App. 1979, writ ref'd n.r.e), ("[N]egligence is a breach of duty to exercise ordinary care."); *see also In re Thrash*, 433 B.R. 585, 597 (Bankr. N.D. Tex. 2010) ("But breach of duty of good faith and fair dealing is a distinct tort from negligence, the latter of which implicates a breach of duty of due or ordinary care.").

No. 25-11272

*Federal Credit Union v. Martin*,[7] SNLEE contends Section 2.12 disclaims Origin's statutory duties in contravention of §§ 4.103(a) and 1.302(b) of the Texas Business & Commerce Code.

Origin is not disclaiming statutory duties. It seeks attorneys' fees for successfully defending against SNLEE's claim that Origin breached its duty of good faith and SNLEE's business disparagement claim. That is a contractual fee shifting agreement, and SNLEE cites no authority that such a fee-shifting agreement is unenforceable. Origin is not seeking indemnity for its own breach of any statutory duty under the Texas Business & Commerce Code. Accordingly, we need not reach whether Section 2.12 would be enforceable in such a circumstance.

We further note that § 4.103(a) and *American Airlines* are inapposite because Article 4 of the Texas Business and Commerce Code governs bank deposits and collections.[8]

\*    \*    \*

For the foregoing reasons, we AFFIRM the district court's grant of attorney's fees to Origin under Section 2.12.

---

[7] 29 S.W.3d 86 (Tex. 2000).

[8] *See* TEX. BUS. & COMM. CODE § 4.101-102; *American Airlines*, 29 S.W.3d at 96 (noting dispute arose out of Deposit Agreement between credit union member and credit union).